IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY COLEMAN and
TERRY DENISE COLEMAN,

                Plaintiffs,

v.

DANE COUNTY JAIL and
EAU CLAIRE COUNTY JAIL,

                Defendants.

OPINION and ORDER

20-cv-842-jdp

---

Plaintiff Timothy Coleman is a former prisoner at the Dane County and Eau Claire County jails. Plaintiff Terry Coleman is Timothy's mother. Terry Coleman has filed a complaint under both her and Timothy's names, alleging that Timothy was mistreated while he was incarcerated at both jails, and that she was emotionally harmed by the mistreatment.

The court has already granted Terry Coleman leave to proceed in forma pauperis with this case without any prepayment of the filing fee. Timothy Coleman didn't sign the complaint. And the court cannot tell whether Timothy qualifies for in forma pauperis status because he has not responded to the court's orders directing him to submit a financial affidavit and warning him that he would be dismissed from the case if he failed to do so. This is despite the fact that Timothy has filed other recent lawsuits in this court, including a suit about one of the incidents in this complaint—officers using excessive force against him in trying to overcome Timothy's resistance to having his fingerprints taken. *See Coleman v. Doe*, No. 20-cv-647-jdp (W.D. Wis.). Because there is no indication that Timothy wishes to be part of this lawsuit, I will dismiss him from the case.

Because Terry Coleman is proceeding in forma pauperis with her claims, I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept her allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Despite these standards, I will dismiss the case because Terry Coleman does not state any claims for relief that can be heard by this court. Jail officials have allegedly violated *Timothy's* rights as a prisoner, not Terry's, so she does not state any federal constitutional claims of her own. Nor can Terry bring any state-law claims for relief: this court cannot exercise diversity jurisdiction over a lawsuit brought by a Wisconsin citizen against local Wisconsin governments.

Even if this court could consider a state law theory like a "bystander" claim for negligent infliction of emotional distress upon her for the harm done to Timothy, I would conclude that she fails to state a claim for relief. While I have no doubt that Terry Coleman suffered emotional harm from learning of Timothy's mistreatment, the circumstances she describes in her complaint do not fit within the narrow scope of bystander claims allowed under Wisconsin law. To prevent proliferation of bystander-type claims for harm done to third parties, Wisconsin courts have limited negligent infliction of emotional distress claims to situations where the bystander "[w]itness[es] either an incident causing death or serious injury or the gruesome aftermath of such an event minutes after it occurs . . . distinct from the experience of learning of a family member's death through indirect means." *Bowen v. Lumbermens Mut. Cas.*

*Co.*, 183 Wis. 2d 627, 658, 517 N.W.2d 432, 444–45 (1994); *Rosin v. Fort Howard Corp.*, 222 Wis. 2d 365, 372–73, 588 N.W.2d 58, 62–63 (Ct. App. 1998) (upholding dismissal of bystander claim of nine-year-old child because child's observance of scene of father's fatal accident "did not occur minutes after his father's death," but rather through viewing newspaper photograph eighteen hours later).

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Coleman is DISMISSED from the case.

2. The case is DISMISSED for plaintiff Terry Denise Coleman's failure to state a claim upon which relief may be granted.

3. The clerk of court is directed to enter judgment for defendants and close the case.

Entered December 18, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge